## Longwell v. Tracy et al.

*John G. Love*, for plaintiff.

*N. B. Spangler* and *Ivan Walker*, for defendants.

FLEMING, P. J., July 9, 1932.—This matter is before us upon a rule granted upon petition of Boyd N. Johnson and against Dr. G. R. Wieland to show cause why the said Johnson, as purchaser of a three-fourths interest in the land against which a mechanic's lien was filed, and upon which lien a judgment was obtained to the above number and term, should not be permitted to pay three-

fourths of such judgment, interest and costs, upon the payment of which sum the undivided three-fourths interest of the petitioner in a portion of the land covered by the original lien shall be released from the lien of such judgment.

James O. Longwell filed a mechanic's lien to No. 1, May Term, 1930, against a tract of land, situate in Patton Township, Centre County, Pa., consisting of eighty-one acres and eighty perches, being a tract conveyed to Margaret R. Wieland, by the administrator of the estate of Washington Wieland, deceased, by deed bearing date December 29, 1893, and recorded in Centre County in Deed Book vol. 67 at page 77, and which, at the death of the said Margaret R. Wieland, she dying testate, passed, by the terms of her last will and testament, dated March 17, 1923, and probated in Centre County on April 28, 1923, unto Helen Wieland, Herman Wieland, Eureta Tracy, nee Wieland, and Paul W. Wieland. The said James O. Longwell caused a sci. fa. sur mechanic's lien to be issued thereon, upon which judgment was entered to No. 249, May Term, 1931, in the sum of $576.64, with interest from July 11, 1931. On July 11, 1931, said judgment was assigned by the said James O. Longwell to Dr. G. R. Wieland. On October 7, 1931, Herman Wieland, Eureta Tracy and James N. Tracy, her husband, and Helen G. Wieland, conveyed to Boyd N. Johnson, petitioner for this rule, *not* a three-fourths interest *in the whole* of the premises covered by the lien of the judgment obtained as above stated, *but* a three-fourths interest in *two certain portions or tracts thereof*, which last-mentioned deed is recorded in Centre County in Deed Book vol. 144 at page 639.

The petition presents a case, as far as we have been able to find, novel in the extreme. After a careful and lengthy consideration of the questions involved, we are of the opinion that the contention of the respondent in the rule is well taken and that this court is without jurisdiction to grant the relief sought.

If this rule were to be made absolute, it would result, not in releasing a three-fourths part of the lien of the judgment upon all the land included in the mechanic's lien originally filed, but simply in a three-fourths interest in a part or portion thereof, which has been selected and set apart at the will of three of the four owners thereof. No fair and equitable division or fraction of this judgment could be made by the court so as to relieve the land alleged to have been purchased by him from the lien of such judgment.

Furthermore, it appears that the acts of Eureta Tracy, Herman Wieland and Helen G. Wieland are in derogation of the orderly and established procedure for the division of lands held by tenants in common, to wit, partition, as well as the further procedure for the sale of such lands, or portions thereof, when one or more of such tenants in common labor under a disability or refuse to join in a sale.

The course followed by Herman Wieland, Eureta Tracy and Helen G. Wieland appears to be one intended to avoid the established rules of procedure to obtain the relief now sought in this unusual and irregular manner. We are not here called upon to pass upon the validity of the petitioner's deed. We are not deciding the petitioner's status to present such a petition as has been here presented. We are of the opinion, however, that no jurisdiction exists to grant the relief herein asked for. The petitioner has ample remedies, either by himself or through the defendants above named. There is no authority vested in us to release a three-fourths interest in a part of the land covered by this judgment.

And now, July 9, 1932, the rule is discharged and the petitioner directed to pay costs of same, together with costs of execution and advertisement of sheriff's sale pending at the time the rule was granted.

From S. D. Gettig, Bellefonte, Pa.